# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BOBBY LEE HUNT, )
 )
               Plaintiff, )
 )
vs. ) CIV-08-296-FHS
 )
HARVEY BURKHART AND SUCCESSOR, )
et. al., )
 )
               Defendants. )

## ORDER

Before the court for its consideration is the Defendants' Dyer and Geurin's Motion to Dismiss. The court grants the motion for the following reasons.

Defendants Martin Dyer and Bob Geurin at all times relevant to the plaintiff's complaint were City Commissioners for the City of Ardmore, Oklahoma. They have been sued by a *pro se* inmate who claims to have been attacked in the Carter County jail on October 11, 2004. Plaintiff filed a complaint in this court on August 4, 2008, which alleges defendants violated the Eighth and Fourteenth Amendments due to their deliberate indifference to the plaintiff's medical needs while incarcerated in the county jail.

Defendants have filed this motion to dismiss alleging that all of the allegations contained within plaintiff's complaint are time-barred. They allege the constitutional violation of which plaintiff complains occurred on October 11, 2004, and he did not bring this lawsuit until August 4, 2008. They argue the two year statute of limitations bars this action. Plaintiff responds by arguing the statute of limitation should not apply to him because at the time the injury occurred he was not aware that he could file

1

a civil rights complaint.  He claims he did not even know what a civil rights complaint was. Plaintiff claims he only became aware within the last year that he could file a complaint. He would like the court to start the running of the limitations period when he realized what a civil rights cause of action was.

In a civil rights action brought under 42 U.S.C. § 1983, the court applies the applicable state statute of limitations. <u>Abbitt v. Franklin</u>, 731 F.2d 661, 663 (10th Cir.1984). In this case, Oklahoma's two-year statute of limitations applies. <u>Price v. Philpot</u>, 420 F.3d 1158, 1162 (10th Cir. 2005). When a claim accrues, and thus when the limitations period begins to run, is a question of federal law. <u>Smith v. City of Enid</u>, 149 F.3d 1151, 1154 (10th Cir.1998) "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Baker v. Bd. of Regents</u>, 991 F.2d 628, 632 (10th Cir.1993). Indeed, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." <u>Id</u>. and <u>Price</u> at 1162. Since the injury in a § 1983 case is the violation of a constitutional right, see <u>Garcia v. Wilson</u>, 731 F.2d 640, 650 (10th Cir.1984), aff'd, 471 U.S. 261 (1985), such claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." <u>Lawshe v. Simpson</u>, 16 F.3d 1475, 1478 (7th Cir.1994). This requires the court "to identify the constitutional violation and locate it in time." <u>Id</u>.

In the case at bar, it appears undisputed the constitutional deprivation of which plaintiff complains and which is the basis of his lawsuit was the denial of medical care in October 2004. Even though plaintiff may not have been aware of the existence of a civil rights cause of action until 2007, he was aware his constitutional rights had been violated in October 2004 when the

2

deprivation occurred.  To allow the statute of limitations to start running when plaintiff learned what a civil rights lawsuit is, would allow the plaintiff to single-handedly dictate when the statute accrues and allow him to defeat the purpose of the time bar which is to preclude the resuscitation of stale claims. <u>Devito v. Incorporated Village of Valley Stream</u>, 991 F. Supp. 137, 143 (E.D. N.Y. 1998).  Thus, the court finds the plaintiff's civil rights cause of action began to accrue when he was allegedly deprived proper medical treatment in October 2004. That is when the injury complained of occurred. The applicable statute of limitations is two years.  Thus, for plaintiff's lawsuit to be timely it needed to by filed by October of 2006.  Plaintiff brought this lawsuit in August 2008.  Plaintiff failed to bring his lawsuit within the proper time frame.  Accordingly, plaintiff's lawsuit is barred by the applicable statute of limitations.

Therefore the Defendants' Dyer and Geurin's Motion to Dismiss is hereby **GRANTED.**

**IT IS ORDERED** this 18th day of November, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma