**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

BOBBY L. HUNT,                      )
                                    )
              Plaintiff,       )
                                    )
vs.                                 )   CIV-08-296-FHS
                                    )
HARVEY BURKHART, Et. Al.,           )
                                    )
              Defendants.      )

**ORDER**

    Before the court for its consideration is defendants Bill McLaughlin, Kevin Robinson, and Dale Ott's Motion to Dismiss and Brief in Support.[1] The court rules as follows on the motion.

    Defendants argue plaintiff's cause of action is barred by the applicable statute of limitations. They argue even a liberal reading of plaintiff's complaint reveals plaintiff's allegations against the Commissioners accrued sometime between October 11, 2004, and October 8, 2005. According to defendants, plaintiff should have filed his Complaint against the Commissioners by October 8, 2007. However, plaintiff did not file his complaint until August 4, 2008.

    In a civil rights action brought under 42 U.S.C. § 1983, the court applies the applicable state statute of limitations. <u>Abbitt v. Franklin</u>, 731 F.2d 661, 663 (10th Cir.1984). In this case,

---

[1] Plaintiff claimed he did not timely respond to the Motion to Dismiss because he did not receive a copy of the motion. As a result, the court sent plaintiff a copy of said motion. Plaintiff filed a response to the motion on June 19, 2009, in a pleading titled "Plaintiffs Response to Judges Order To Show Cause by July 10, 2009."

Oklahoma's two-year statute of limitations applies. <u>Price v. Philpot</u>, 420 F.3d 1158, 1162 (10th Cir. 2005). When a claim accrues, and thus when the limitations period begins to run, is a question of federal law. <u>Smith v. City of Enid</u>, 149 F.3d 1151, 1154 (10th Cir.1998) "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Baker v. Bd. of Regents</u>, 991 F.2d 628, 632 (10th Cir.1993). Indeed, "it is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." <u>Id</u>. and <u>Price</u> at 1162. Since the injury in a § 1983 case is the violation of a constitutional right, see <u>Garcia v. Wilson</u>, 731 F.2d 640, 650 (10th Cir.1984), aff'd, 471 U.S. 261 (1985), such claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." <u>Lawshe v. Simpson</u>, 16 F.3d 1475, 1478 (7th Cir.1994). This requires the court "to identify the constitutional violation and locate it in time." <u>Id</u>.

In the case at bar, it appears undisputed the constitutional deprivation of which plaintiff complains and upon which he bases his lawsuit was the abuse he received after his arrest on October 11, 2004. This court has previously found in this case the plaintiff's civil rights cause of action began to accrue when he was allegedly abused in October 2004.

In response to the statute of limitations argument plaintiff simply states that "an inmate or incarcerated individual has no set statute of limitations as long as he is incarcerated and has a (5) Five year Statute of Limitations from his release of confinement." Contrary to plaintiff's assertion, he is subject to a statute of limitations. The applicable statute of limitations is two years. Thus, for plaintiff's

2

lawsuit to be timely it needed to by filed by October of 2006. Plaintiff brought this lawsuit in August 2008. Plaintiff failed to bring his lawsuit within the proper time frame. Accordingly, plaintiff's lawsuit is barred by the applicable statute of limitations. Defendants' McLaughlin, Robinson, Ott's Motion to Dismiss is hereby **GRANTED**.

**IT IS ORDERED** this 15th day of July, 2009.

Frank H. Seay
United States District Judge